IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TANYA SPENCER,

    Plaintiff,

                                3:17-CV-1122-PK

                                OPINION AND ORDER

v.


NORTH CLACKAMAS CHILD WELFARE
and MILWAUKIE POLICE DEPARTMENT,

    Defendants.

PAPAK, Magistrate Judge:


Plaintiff Tanya Spencer filed this action against defendants North Clackamas Child Welfare and the Milwaukie Police Department on July 19, 2017. Spencer alleges that the defendants falsified documents resulting in the removal of her children from her custody and their placement into foster care. She further alleges that this caused her to lose her job and her home. She further alleges that the Milwaukie Police Department "had [her] vehicle illegally

Page 1 - OPINION AND ORDER

towed." It is unclear from Spencer's complaint what claims Spencer intends to allege against the defendants arising out of these facts. It is Spencer's position that this court may properly exercise federal question jurisdiction over her intended claims.

This court's advice to Spencer that her motion for leave to proceed *in forma pauperis* had been granted was returned to the court as undeliverable on October 17, 2017, as was the court's advice to Spencer that a discovery order had issued on October 30, 2017. I issued an order (#11) to show cause on November 2, 2017, by and through which I directed Spencer to "file a notice of change of address within thirty (30) days of the date of this Order or show cause why this action should not be dismissed for failure to prosecute." I further advised Spencer "that failure to file a change of address or otherwise show cause will result in the dismissal of this proceeding for lack of prosecution." The court's advice to Spencer that the order to show cause had issued was returned as undeliverable on November 6, 2017, and again on November 20, 2017.

On December 7, 2017, Judge Mosman issued an order (#16) of dismissal dismissing Spencer's action for failure to respond to the court's order to show cause on December 7, 2017. The court's advice to Spencer that Judge Mosman's order had issued was returned as undeliverable on December 11, 2017.

On March 29, 2017, Spencer filed a notice of change of address and a motion (#20) to re-open her case.

Motions for relief from final judgment are governed by Federal Civil Procedure Rule 60(b). Rule 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). It appears likely that the relief Spencer seeks from Judge Mosman's order of dismissal should most properly be considered under Federal Civil Procedure Rule 60(b)(1), which provides for relief from final judgment in case of excusable neglect.

Although by and through her filings of March 29, 2018, Spencer does not affirmatively argue that her failure to maintain an accurate address of record with the court could have been the result of excusable neglect, I infer from the allegations of Spencer's complaint that during the period of her failure to maintain an accurate address of record she was without either a home or a job, and under those circumstances find that her failure was more likely than not the result of excusable neglect. On that ground, I find that Spencer is entitled to the requested relief from final judgment. *See* Fed. R. Civ. P. 60(b)(1).

///

///

///

## CONCLUSION

For the reasons set forth above, Spencer's motion (#20) for relief from final judgment is granted, and the clerk of court is directed to re-open this action.

Dated this 14th day of May, 2018.

                                                               Honorable Paul Papak
                                                               United States Magistrate Judge